22CA1937 Peo v White 04-10-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA1937
Chaffee County District Court No. 21CR122
Honorable Patrick W. Murphy, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Charles Brandon White,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 10, 2025

---

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Taylor J. Hoy, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Charles Brandon White, appeals the judgment of

conviction entered on a jury verdict finding him guilty of second

degree assault – serious bodily injury.  The charge stemmed from

allegations that White assaulted a fellow inmate at the Chaffee

County Detention Center.

¶ 2     White contends that the trial court coerced the jury's verdict

by effectively imposing a deadline on its deliberations, thereby

causing structural error.  We conclude that this claim of error was

waived.  Accordingly, we affirm.

## I.     The Jury's Deliberations

¶ 3     After hearing closing arguments in White's trial, the jury

began deliberating around 1 p.m. on a Friday.  Just before 5 p.m.,

the jury asked the bailiff, "[W]hat happens if we don't come to a

verdict by 5:00 o'clock?"  The bailiff relayed the jury question to the

judge.

¶ 4     Outside the presence of the jury, the judge shared his

thoughts about the question with the parties:

> I've got staff that I can keep here probably till
> about 6 [p.m.]  [The jurors] haven't said that
> they're deadlocked.  We're in [a] weird situation
> where they can't come back Monday or
> Tuesday because all of us are gone at our

respective conferences. So the soonest they could come back would be Wednesday afternoon. So what I'm . . . planning to do is bring them in here and tell them we're not going to go past 6:00 o'clock [today] and tell them if they need to continue to deliberate after that, it will have to be next week.

¶ 5    The judge said he was "open to any input" from the parties. Defense counsel asked if the jury could return to deliberate on Saturday. The judge said Saturday deliberations were not an option because he was leaving for his conference that day. Defense counsel said that was "perfectly okay." The prosecutor also indicated that she was not available to return on Saturday and that she was "fine with what the Court [had] proposed." Defense counsel responded, "I am as well."

¶ 6    The judge outlined that he would bring the jury back in and "tell them that we're clear to go until 6:00 o'clock," but "if they don't come to a decision by then, they'll have to return next week." The judge said he would further explain to the jurors "that we are in our conferences" so "the soonest [they would be able to return] would be Wednesday afternoon."

¶ 7    The jurors returned to the courtroom and the judge informed them as follows:

[The bailiff] indicated to me that he was asked what happens if we can't reach a verdict by 5:00 o'clock, so I'm going to try and answer that question for you. I do have staff to keep us here past 5:00 o'clock, but not all night. My staff does not get paid overtime. So what I'd be willing to do is go until 6:00 o'clock. If there's not a verdict by 6:00 o'clock, normally — well, I wouldn't say normally, it's unusual to come back on a weekend. That could be a possibility, but it won't be on this case.

Coincidentally there's an annual judicial conference, there's an annual district attorneys conference, [and] there's an annual defense attorney conference. They're at the same time for obvious reasons. That starts for me tomorrow, it starts for these attorneys either Sunday or Monday. And that runs through Wednesday morning so we are back here due in court Wednesday afternoon.

So if you are not able to reach a verdict by 6:00 o'clock tonight, the next return normally would be a Monday morning but would have to be Wednesday afternoon because none of us would be available before that. So that is the answer to the question.

¶ 8     Just after 6:00 p.m., the jury returned its guilty verdict.

## II.     Discussion

¶ 9     White contends that the trial court's response to the jury's question improperly coerced jurors to reach a quick verdict. This alleged error, he argues, violated his rights to due process, an

impartial jury, and a unanimous verdict, requiring automatic reversal of his conviction.

¶ 10    The People respond that White waived his claim of error by expressly agreeing to the court's proposed course of action. We agree with the People.

¶ 11    Waiver is the intentional relinquishment of a known right or privilege. *People v. Rediger*, 2018 CO 32, ¶ 39. A waived claim of error presents nothing for an appellate court to review. *People v. Kessler*, 2018 COA 60, ¶ 38. Although a mere failure to object does not in all cases constitute a waiver, *Rediger*, ¶ 44, unequivocally agreeing to a proposed course of action with full knowledge of the surrounding facts and circumstances does. *Forgette v. People*, 2023 CO 4, ¶ 34 (defendant intentionally relinquished his right to object to a sleeping juror and therefore waived any such objection for appellate review where counsel was fully aware of the sleeping juror but did not ask the court to take any action to address the issue); *People v. Manzanares*, 2020 COA 140M, ¶ 16 (where defense counsel agreed to the district court's curative procedure and requested nothing further, deprivation of counsel and right to presence claims were waived).

¶ 12    White acknowledges that defense counsel did not object to the court's proposed response to the jury's scheduling question. But defense counsel did more than simply fail to object. Counsel participated in the conversation about what the court should say and agreed that she was "fine" with the court's proposal. Thus, unlike in *Rediger*, counsel was not potentially unaware of the facts or circumstances that could give rise to a claim on appeal. *See Rediger*, ¶¶ 43-44 (perceiving no waiver of a constructive amendment claim where there was no discussion of the jury instruction challenged on appeal or any indication that counsel knew of a discrepancy between the jury instruction and the charging document). Instead, defense counsel affirmatively agreed with the court's proposed response with full knowledge of the circumstances. *See People v. Hoover*, 165 P.3d 784, 796 (Colo. App. 2006) ("Active participation in the preparation of a response to a jury question, or express agreement with it, bars the participant from arguing that the response constitutes error."); *see also People v. Tee*, 2018 COA 84, ¶ 37 (explaining that waiver occurs when counsel recognizes the relevant issue and acquiesces in the court's resolution of it); *Stackhouse v. People*, 2015 CO 48, ¶ 5 (holding

that defendant waived his claim that the court erroneously closed the courtroom where counsel knew closure was happening and did not object).

¶ 13 Contrary to White's assertion, to find waiver, we need not conclude that counsel's acquiescence was strategic. *See Tee*, ¶ 39. And in our view, the record *does* demonstrate an intent to relinquish any claim of error: counsel considered the court's proposed statement to the jury and expressly agreed that it was the right response under the circumstances. Defense counsel did not (and still does not) suggest any alternative response, nor did she otherwise signal that she had any lingering concerns about the court's resolution of the issue.

¶ 14 Accordingly, we conclude that the claim of error is waived. *See Forgette*, ¶ 36 (waiver precludes appellate review).

## III.   Disposition

¶ 15 The judgment is affirmed.

JUDGE GROVE and JUDGE PAWAR concur.